## Case No. 14,212.

### The TUBAL CAIN.

### The ANNIE DEAS.

[Blatchf. Prize Cas. 347.] [1]

District Court, S. D. New York. May 22, 1863.

UNITED STATES MARSHALS—APPOINTMENT OF AUCTIONEER TO CONDUCT JUDICIAL SALE —USAGE—COSTS.

1. The marshal is not authorized to appoint an auctioneer to conduct a judicial sale, at the expense of the government or of a private party, without the consent of the party for whose benefit the services are performed.

2. Any custom or usage to that effect rests only on the direct consent of the party using the process of sale

3. An auctioneer cannot have costs or disbursements taxed in his favor by the court, in invitum, against the libellants or claimants personally, or against the res, nor can the auctioneer's charges be taxed to the marshal as a part of his disbursements.

In admiralty.

BETTS, District Judge. The clerk, on taxation of the marshal's disbursements in the above causes, disallowed, in the first, the sum of $654.80, and in the second the sum of $411.48, fees to be paid an auctioneer for his commissions in disposing of the prize property at public sale. The marshal, in behalf

[1] [Reported by Samuel Blatchford, Esq.]

of the auctioneer, appeals to the court to have those disallowances reversed, and to order the above sums to be taxed and certified in favor of the marshal's accounts. It will be assumed that the marshal laid before the clerk adequate proof that he had employed the auctioneer to render those services in the suits; that the services were necessary and proper, and have been performed therein; that he actually made the disbursements to the auctioneer, as charged therefor; and that the same were charged at a reasonable and proper rate. These vouchers, and the evidence to verify them, have not been brought before me on this appeal; but as the admission of the amounts by the secretary of the interior could not be obtained without evidence to that effect, it will be presumed that such evidence accompanied the vouchers on the presentation of the charges to the clerk, and were properly considered by that officer. The purpose of this appeal is to obtain from the court an adjudication that the commissions claimed by the auctioneer are legal liens upon the proceeds of the public sales, which the marshal is bound to disburse and have satisfied on the adjustment of his charges by the court.

The point has been earnestly discussed, on this appeal, by counsel for the auctioneer, and the justness of the allowance is maintained upon its intrinsic merits and upon the long, unvaried usage in this respect of the courts of the United States within this district. The district attorney and the counsel for the captors state that they have positive instructions from the treasury and navy departments to oppose this class of charges for services rendered since a time anterior to the period of those services; and the marshal raises the same objection unless the sanction of those departments is produced for the disbursements.

No provision of law authorizes the marshal to appoint auctioneers to conduct judicial sales at the expense of the government or of private parties without the consent of the parties for whose benefit the services are performed. The official duty is imposed on the marshal, and his compensation therefor is appointed by law; and the custom or usage supposed to exist in the courts, sanctioning the designation and compensation of an additional agent to that end. is found, on examination, to rest only on the direct consent of the party using the process of sale. Two fatal objections to this appeal, therefore, exist: First, the auctioneer is not an officer in the suit, recognized by law as entitled to claim and have taxed costs or disbursements in his favor by the court, in invitum, against the libellants or claimants personally, or against the res produced by the action; second, the court cannot enforce, or recognize as of any legal effect against the suitors, arrangements which may exist between the marshal individually, or in his official capacity, touching proceedings in suits with other

persons not being also under the authority of the court, in establishing fees, commissions, or other rewards, by way of taxation, adjustment, or otherwise, except in due course of law on suit brought. For the foregoing reasons, the above application on the part of the auctioneer must be denied.